# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

CARLOS R. PIKE,

    Plaintiff,

v.

PREMIER TRANSPORTATION & WAREHOUSING, INC., ET AL.

    Defendants.

No. 13 CV 8835

Magistrate Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Plaintiff Carlos R. Pike brings this personal injury action against Defendants Premier Transportation & Warehousing, Inc. and Daniel M. Duben, Sr. ("Duben"), alleging that Duben was negligent in operating a semi-trailer truck. (Dkt. 1-4, ¶ 8). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[1] Before the Court are Defendants' contested motions in limine nos. 14, 16 and 20.

## I. BACKGROUND

Plaintiff alleges that on September 18, 2012, he suffered injuries to his knees and back as a result of a collision between Defendants' semi-trailer truck and Plaintiff's automobile at the intersection of 31st Street and Martin Luther King Jr. Drive in Chicago. Plaintiff claims that these injuries required him to have multiple sur-

---

[1] *See* Notice of Removal, Dkt. 1.

geries. Plaintiff's Complaint contains two counts for negligence against Premier Transportation & Warehousing, Inc. ("Premier") and for negligence against Duben, the driver of the truck and an employee of Premier at the time of the accident.

On December 11, 2013, Defendants filed a Notice of Removal to remove Plaintiff's Complaint, originally filed in the Circuit Court of Cook County, to federal court based on diversity jurisdiction. All discovery closed on January 19, 2016, and this case is set for trial on November 14, 2016.

## II. DISCUSSION

### A. Standard

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also American Int'l Adjustment Co. v. Galvin*, 86 F.3d 1455, 1463 (7th Cir. 1996) ("A motion in limine is a useful device for trying to exclude evidence before trial in order to prevent the trial from being interrupted by wrangles over admissibility or the jury from getting a whiff of prejudicial evidence that may in fact be inadmissible."). The movant has the burden of demonstrating that the evidence is "clearly inadmissible for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). District courts have broad discretion in ruling on motions in limine, but evidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds. *Kiswani v. Phoenix Sec. Agency, Inc.*, 247 F.R.D. 554, 557 (N.D. Ill. 2008). Otherwise, rulings

should be deferred until trial so questions of foundation, competency, relevancy, and potential prejudice may be resolved in the proper context. *Id.*

A court's decision to deny a motion in limine does not mean that all evidence contemplated by the motion will be admitted at trial. "Rather, denial means the court cannot determine whether the evidence should be excluded outside the trial context." *McClain v. Anchor Packing Co.*, 1996 WL 164385, at *2 (N.D. Ill. 1996). Accordingly, "[t]he ruling is subject to change when the case unfolds . . . Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. at 41-42; *Kiswani*, 247 F.R.D. at 557 ("Trial judges may alter prior *in limine* rulings, within the bounds of sound judicial discretion.") (internal citation and quotation marks omitted).

## B. Defendants' Motions in Limine

<u>No. 14</u>: Defendants move to bar statements, comments, testimony, or inferences related to whether Defendants were safe or acted as a safe company, or any reference related to safety standards, testing, or evaluations. Plaintiff argues that evidence of whether Defendants were safe speaks directly to the fact in controversy, negligence. Plaintiff contends that this evidence is relevant and the probative value outweighs the prejudice, if any, to Defendants. The Court takes motion no. 14 under advisement. The Court requests that parties' counsel be prepared to present oral argument on this motion during the final pre-trial conference on October 31, 2016. The Court finds this motion to be broad, and without specificity regarding, for ex-

ample, what the parties mean by "safe", whether the motion seeks to bar certain evidence, such as of subsequent remedial measures, and whether it is meant to apply to expert testimony, or all evidence. The Court also notes that the parties provided minimal authority to support their respective positions. In this motion, Defendants cited only Federal Rule of Evidence (FRE) 401, and Plaintiff's response cited only FRE 403 and a Sixth Circuit Court of Appeals decision for a general discussion of FRE 403.

<u>No. 16</u>: Defendants move to bar argument or testimony suggesting a mathematical formula to the jury for awarding damages including a per diem or formula. Plaintiff argues that standard mortality tables are admissible evidence. Defendants' motion in limine no. 16 is taken under advisement. Under Illinois law, mortality tables are admitted in wrongful death actions or personal injury cases involving permanent injuries, to help the jury determine future damages. *Danzico v. Kelly*, 112 Ill. App. 2d 14, 29 (1st Dist. 1969); *Savka v. Smith*, 58 Ill. App. 3d 12, 17, 15 Ill. Dec. 579, 583 (3d Dist. 1978); *Leggett v. Kumar*, 212 Ill. App. 3d 255, 281, 156 Ill. Dec. 527, 543 (2d Dist. 1991). In injury cases, life expectancy tables should not be admitted when pain and suffering is recurrent, but not permanent. *Savka,* 58 Ill. App. 3d at 17-18. Plaintiff's Complaint alleges that his injuries are "permanent and lasting." (Dkt. 1-4, at 5, 7). But Defendants deny the nature and extent of the injuries, and deny that Plaintiff's medical charges were for injuries that were causally related to the collision (Dkt. 54 at 2). As a result, decision on this motion in limine will be deferred until trial.

No. 20: Defendants move to bar Plaintiff from talking to prospective jurors regarding the facts of the case or attempting to illicit a pledge or promise from prospective jurors to return a substantial verdict in "millions of dollars" or words to that effect. Plaintiff argues that this questioning is proper and helps to secure an impartial jury. Defendants' motion in limine no. 20 is granted in part and denied in part.

The Court grants the motion in part to bar questions to prospective jurors about their specific experiences related to the facts of this case. Such questions that tend to put prospective jurors in the place of the parties "open a wide range of possibilities for indoctrination or pre-education of jurors." *Gasiorowski v. Homer,* 47 Ill. App. 3d 989, 994, 7 Ill. Dec. 758, 761 (1st Dist. 1977). Counsel for the parties also may not ask questions during *voir dire* to illicit a pledge from jurors about how they would decide under a given state of facts or which party they would favor assuming a certain set of evidence. *Id.* at 992. However, the motion in limine is denied to the extent that it seeks to bar questions designed to expose any latent prejudice by potential jurors against large verdicts, such as the questions in *Scully* including whether recovery of $600,000 would be "too much money for anybody" or Question no. 9 in Plaintiff's proposed *voir dire* questions (Dkt. 54 at 7). *See Saad v. Shimano Am. Corp.*, No. 98 C 1204, 2000 U.S. Dist. LEXIS 10974, at *50 (N.D. Ill. July 21, 2000); *Scully v. Otis Elevator Co.*, 275 N.E.2d 905, 914 (1st Dist. 1971)*; Kinsey v. Kolber*, 103 Ill. App. 3d 933, 947, 59 Ill. Dec. 559, 569 (1st Dist. 1982).

## III. CONCLUSION

Defendants' motions in limine nos. 14 and 16 are taken under advisement, and Defendants' motion in limine no. 20 is granted in part and denied in part.

E N T E R:

Dated: October 28, 2016

*[signature: Mary M Rowland]*

MARY M. ROWLAND
United States Magistrate Judge